# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER HICKOK and**
**SHANNON HICKOK,**

   **Plaintiffs,**

**v.**                                               **No. 15-cv-1020 MV/SMV**

**MICHAEL L. BUZAN and**
**MARIANNE E. BUZAN,**

   **Defendants.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before me on the parties' Joint Petition for Approval of the Settlement of a Minor's Claims [Doc. 33] ("Motion"), filed August 5, 2016. The Honorable Martha Vázquez, United States District Judge, referred this matter to the undersigned on August 30, 2016. [Doc. 34]. The Court-appointed guardian *ad litem*, F. Michael Hart, submitted his report [Doc. 37] on September 28, 2016, recommending approval of the settlement agreement. The same day, Mr. Hart submitted a Supplement to Guardian ad Litem Report ("First Supplemental Report"). On September 29, 2016, I held a hearing on the Motion. At the hearing, Mr. Hart appeared personally, along with Ronald Segel, counsel for Plaintiffs, and Mark J. Klecan, counsel for Defendants. Plaintiffs appeared via telephone from California. Plaintiffs testified about their understanding of the finality of the settlement agreement. They further testified to understanding that the settlement proceeds are to be used solely for the benefit of their daughter, Samantha H. On November 15, 2016, Mr. Hart submitted a Proposal for Preservation of Child's Settlement Recovery ("Second Supplemental Report"); in it, he set out the proposed financial

plan with respect to the investment of Samantha H.'s settlement recovery.  For the reasons detailed below, I find the proposed settlement to be fair, reasonable, and in the best interest of Samantha H., and I recommend that the Motion be GRANTED.

## Factual Background

Plaintiffs' minor daughter, Samantha H., was injured when she fell from a home-made zip line in Defendants' backyard and hit her head on the pavement.  [Doc. 37] at 1–2.  As a result of her fall, Samantha H. ultimately suffered a total loss of her sense of smell and partial loss of her sense of taste.  *See* Second Supplemental Report at 2.  Plaintiffs settled the case for $325,000, with a net settlement amount of approximately $150,000 after fees, costs, and subrogation claims were accounted for.  *See* [Doc. 37] at 4; First Supplemental Report at 1–2.  The recovery amount will be maintained in a trust, designed to be used for the minor's health or education, and a 529 education savings plan.  Second Supplemental Report at 2–3.

## Fairness Evaluation

"The general rule [in many jurisdictions] is that a next friend or guardian *ad litem* acting for a minor may negotiate a settlement, but such compromise is not binding on the [minor] in the absence of judicial approval."  *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 28, 99 N.M. 802, *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354.  Where court approval is necessary, the reviewing court must determine whether the settlement is fair and in the minor's best interests.  *Shelton v. Sloan*, 1999-NMCA-048, ¶¶ 42, 45, 127 N.M. 92; *Garcia*, 1983-NMCA-047, ¶ 30 (citing *United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967)) (explaining that courts "ha[ve] a special obligation

to see that [minors] are properly represented, not only by their own representatives, but also by the court itself").  The court must reject the settlement if this is not the case.  *Id.*

In assessing whether a settlement is fair, reasonable, and in the minor child's best interest, I consider the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (discussing the factors for determining whether a class action settlement is "fair, reasonable[,] and adequate").

## <u>Analysis</u>

Having reviewed the record in this matter, having heard testimony from Plaintiffs Christopher Hickok and Shannon Hickok, and upon my review of the report and recommendations of the guardian *ad litem*, I make the following findings:

> (1) the proposed settlement was fairly and honestly negotiated;
>
> (2) serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the parties believe the settlement is fair and reasonable.

Accordingly, I agree with Mr. Hart's analysis that the settlement of Samantha H.'s claims is fair, reasonable, and in her best interest, and I recommend that the settlement be approved.

Within 14 days after a party is served with a copy of these proposed findings and recommended disposition, that party may file written objections with the Clerk of the District Court.  *See* 28 U.S.C. § 636(b)(1).  At the September 29, 2016 hearing, the parties waived the objections period set forth in § 636(b)(1), so that the case may be finalized more quickly.  By **December 7, 2016,** Counsel must prepare a proposed form of Order Granting Joint Petition for Approval of the Settlement of a Minor's Claim and Order of Dismissal with Prejudice.  Counsel shall submit the proposed order(s) in a format compatible with Microsoft Word to Judge Vázquez at mvproposedtext@nmcourt.fed.us.

<u>**CONCLUSIONS AND RECOMMENDED DISPOSITION**</u>

For the reasons set forth herein, I respectfully recommend that the parties' Joint Petition for Approval of the Settlement of a Minor's Claim [Doc. 33] be **GRANTED** and the settlement be **APPROVED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**